IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> PLAINTIFF, <br><br> V. <br><br> NELSON ONARO, D.O., <br><br> DEFENDANT. | CR20-089-RAW <br> JUDGE WHITE |

DEFENDANT'S MOTION TO WITHDRAW HIS PLEA OF GUILTY

**COMES NOW,** Defendant, by and through his counsel of record, hereby motions this Court to withdraw his plea of guilt entered into on June 30th, 2021. In support, Defendant states:

INTRODUCTION

It is often said that life is about timing. In September of 2022, Doctor Onaro was the victim of particular political timing. Doctors prescribing opioid-derivative medicine(s) was once a widely accepted, common practice until the country discovered that pharmaceutical companies were *bald-faced* liars.  Upon said discovery, the political climate changed. Dr. Onaro fell victim to such change. The US Supreme Court has, as of June 27th, 2022, now given Onaro the ability for that to be rectified.

Dr. Onaro was indicted on September 14th, 2022 for, *inter alia*, Unlawful Distribution and Dispensing of Controlled Substances. On its face, the charges were bizarre considering Dr. Onaro had a license to prescribe controlled substances by and through the Drug Enforcement Agency. Even more bizarre was the mechanism the Federal Government used to indict Dr. Onaro – that is,

1

21 U.S.C. § 841. This is the same statute used by the government to charge cartel members with drug trafficking.

As it applied to doctors, the government, by and through vague legislative language, could convict doctors who **negligently** prescribed a controlled substance without a legitimate medical purpose acting outside the usual course of professional practice.

Until June 27th, 2022, Defendant doctors had very little to defend themselves. Their defense essentially consisted of arguing that their prescription practices were not negligent – that they were legitimate and within the usual course of practice. The simple fact was that if the government could prove beyond reasonable doubt that the Defendant Doctor negligently prescribed controlled substances, the Doctor was guilty of criminal Drug Trafficking **regardless of *mens rea.***

Across the country, Doctors were often forbidden from raising or submitting to the Jury an instruction concerning his or her *mens rea.* Of course, Defense attorneys from around the country were arguing the unfairness of this lack of affirmative defense, but it was never granted at the highest court. That has changed. On June 27th, 2022, the United States Supreme Court in *Ruan v. United States*[1]*,* by and **through a 9–0 ruling**[2], ruled:

> The question before us concerns the state of mind that the Government must prove to convict these doctors of violating the statute. We hold that the statute's "knowingly or intentionally" *mens rea* applies to authorization. After a defendant produces evidence that he or she was authorized to dispense controlled substances, the Government must prove beyond a reasonable doubt that the defendant knew that he or she was acting in an unauthorized manner or intended to do so. 597 U. S. ____ (2022), pg. 2.

---

[1] Consolidated with *Kahn v. United States* from the 10th circuit.

[2] Breyer, J. Delivered the opinion of the court, in which Roberts, C. J., and Sotomayor, Kagan, Gorsuch, and Kavanaugh, J., joined. Alito, J., filed an opinion concurring in the judgment, in which Thomas, J.joined, and in which Barrett, j., joined as to parts i–a, i–b, and ii.

The Court categorically rejected the idea that physicians could be convicted as drug traffickers merely by showing they prescribed outside the usual course of practice, regardless of their intent. The Court observed that such a standard would "criminalize a broad range of apparently innocent conduct" and risk deterring doctors from using their best judgment to benefit patients.

Prior to June 27th, 2022, this *mens rea* Defense was not accessible to Onaro. Now that it is, Onaro deserves to have a jury of his peers judge that he "knowingly and intentionally" acted as a drug trafficker.

## WITHDRAWAL OF PLEA

A withdraw of plea is governed primarily by Rule 11(d)(2)(B) which holds that a defendant may withdraw a plea of guilty "(2). . . after the court accepts the plea, but before it imposes sentence if: . . . (B) the defendant can show a fair and just reason for requesting the withdrawal. Importantly, **a withdraw of plea should be freely allowed**. *United States v. Hamilton*, 510 F.3d 1209, 1213 (10th Cir. 2007) [emphasis added].

The instant case represents a particularly unique situation because it rarely happens that a Defendant was prohibited from raising a *mens rea* Affirmative Defense – essentially turning the charge into a strict liability form of Negligence – only to *plead out*; then have the US Supreme Court strike down that approach 9–0 and expressly grant him the right to raise said *mens rea* defense prior to his sentencing.

Dr. Onaro would have never pled to the indictment or information had he been able to sit in front of jury and explain that, regardless of some random California-based physicians' opinion, and regardless of damages (or lack thereof), he genuinely thought he was treating his patients alleged pain by and through his training. Doctors are, after all, trained to trust their patients by and

through their self-reporting. They told him they were pain; Dr. Onaro then prescribed pain relieving medicine. Dr. Onaro did nothing but act as a doctor.

Among the multitude of factors to be considered in accepting a Defendant's motion to withdraw, arguably the most important factor to be weighed is the Defendant's assertion of legal innocence. *Id.* at 1214. This is a bizarre holding in light of the fact the Defendant did plead guilty to the information. However, Defendant Onaro, at his plea hearing, and against his counsel's advice at the time, consistently stated to the court of his legal and factual innocence. Defendant's consistency was such that Defendant's counsel was concerned the court may reject his plea.

The court in *Hamilton* continued by holding "…although the assertion of legal innocence may satisfy this factor in some instances, the mere assertion of a legal defense is insufficient; the defendant must present a credible claim of legal innocence." *Id.* In light of the US Supreme Court's holding in *Ruan*, no Defendant now presents more credible claim of legal innocence then Dr. Onaro. Dr. Onaro's *mens rea* was the furthest thing from beyond a reasonable doubt "knowingly and intentionally" drug trafficking.

WHEREFORE, Defendant prays that this court grant his motion to withdraw so that the Department of Justice can show how a doctor who was *broke* and caused no medical damage, intentionally trafficked drugs.

s/ Zachary Enlow
Zachary Enlow, OBA #34144
26226 E. 21st St. Ste 102.
Tulsa, OK, 74114.
zach@enlow.law
918.583.8205.