# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>*Plaintiff*,<br><br>v.<br><br>**NELSON ONARO, D.O.,**<br>*Defendant*. | Case No. 20-cr-089-RAW<br>Hon. Chief Judge Ronald A. White |

### UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO WITHDRAW HIS GUILTY PLEA

COMES NOW the United States, by counsel, Christopher Jason and Maryam Adeyola, Trial Attorneys, United States Department of Justice, and files this Response to Defendant's Motion to Withdraw his Guilty Plea ("Motion"). The Government hereby responds to the Defendant's Motion and, in part, opposes the Defendant's motion.[1]

### BACKGROUND[2]

On June 30, 2021, the defendant entered a guilty plea to Counts One through Six of the Superseding Information, which charged him with illegally distributing controlled substances in violation of 21 U.S.C. § 841(a)(1). This guilty plea came pursuant to a written Federal Rule of Criminal Procedure 11(c)(1)(A), (B) plea agreement which the defendant signed on or around May 18, 2021. Through this plea agreement, the United States agreed to file a Superseding Information charging the defendant with six total counts of unlawfully distributing controlled substances. In Counts One through Five, the defendant admitted that he prescribed controlled

---

[1] To the extent authorized by Local Criminal Rule 12.1(C), the United States respectfully reserves the right to supplement this Response with a concise brief further outlining the legal authority upon which it relies in this Response and the positions therein.

[2] The United States hereby incorporates by reference the factual background outlined in its Unopposed Motion for Extension of Time to Respond to Defendant's Motion to Withdraw His Guilty Plea [R. 48, p. 1- 2].

1

substances outside the usual course of professional practice and without a legitimate medical purpose to four individuals, one of whom was an undercover agent working with the DEA. In Count 6, the defendant admitted, under oath, that he "issued a prescription for 60 20mg Adderall . . . pills to C.L., a staff member of his office . . . with the understanding that C.L. would fill the prescription and bring the prescribed pills back to [the defendant] for his personal use." [R. 37; p. 3]. The defendant also admitted that this prescription was "outside the usual course of professional practice and was not for a legitimate medical purpose." *Id.*

On June 30, 2021, the defendant appeared before the Honorable Kimberly E. West, United States Magistrate Judge for the Eastern District of Oklahoma. During this hearing the defendant agreed under oath to waive his right to an indictment by a Grand Jury, and to proceed before the Magistrate Court for purposes of entering his guilty plea. [R. 50, pp. 3-4]. The defendant was advised of his constitutional rights, including those he was waiving by entering his guilty plea. [R. 50, pp. 12-18]. The defendant twice professed his guilt in the proceeding, both before and after being advised of his constitutional rights. [R. 50, pp. 11-12, 21-22]. However, the defendant did express mitigation for his conduct: "Well, I realize, you know, that I prescribed some medication outside the close of the business, you know. Unfortunately, those medications were prescribed to help my patients, from my own point of view. Thank you." [R. 50, p. 23.3-23.8].

## ARGUMENT

A withdrawal of plea is governed primarily by Rule 11(d)(2)(B), which outlines that a defendant may withdraw a plea of guilty "(2). . . after the court accepts the plea, but before it imposes sentence if: . . . (B) the defendant can show a fair and just reason for requesting the withdrawal. "

On June 27, 2022, the Supreme Court of the United States issued the *Ruan* opinion, clarifying that 21 U.S.C. § 841's "knowingly or intentionally" *mens rea* applies to the statute's "except as authorized" clause. *Ruan v. United States*, 142 S. Ct. 2370, 2383 (2022). Accordingly, in the case of a physician charged under 21 U.S.C. § 841, the United States must prove that a defendant knowingly or intentionally distributed a controlled substance without a legitimate medical purpose outside the usual course of professional practice. As with any criminal charge, the "Government, of course, can prove knowledge of lack of authorization through circumstantial evidence," so the more objectively unreasonable "a defendant's 'asserted beliefs or misunderstandings are,'" when compared to the objectively legitimate practice of medicine, "the more likely the jury . . . will find that the Government has carried its burden of proving knowledge.'" *Ruan*, 142 S. Ct. at 2383; quoting *Cheek v. United States*, 111 S. Ct. 604, 611-612 (1991).

A defendant's burden is high when moving to withdraw a guilty plea because there is a "strong societal interest in finality . . . with respect to convictions based on guilty pleas." *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017). Indeed, guilty pleas are "accorded a great measure of finality," and the "[r]epresentations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier" to subsequent attacks on a guilty plea. *Christian v. Ballard*, 792 F.2d 427, 444 (4th Cir. 2015).

That said, the United States does not dispute that the defendant is presented with a different legal calculus after the *Ruan* decision and the dictate that the Government must prove beyond a reasonable doubt that the defendant knowingly or intentionally prescribed controlled substances outside the usual course of professional practice and without a legitimate medical purpose. Based upon *Ruan,* and the statements the defendant made during the change of plea hearing, the United States does not oppose the defendant's Motion to Withdraw his Guilty Plea

3

as to Counts One through Five.[3] These counts implicate the defendant's prescribing to individuals he may claim to be patients of his medical clinic, and the United States acknowledges that under *Ruan* the defendant may seek to contest the Government's evidence of his *mens rea* in prescribing those controlled substances outside the usual course of professional practice and without a legitimate medical purpose.

However, the United States opposes the defendant's Motion relating to his request to withdraw his guilty plea on Count Six. Unlike Counts One through Five, in Count Six the defendant directly admitted that he presented a prescription to an individual "with the understanding that C.L. would fill the prescription and bring the prescribed pills back to him for his personal use." [R. 37, p. 3]. This type of conduct is not only objectively unreasonable and clearly outside the usual course of professional practice – it also exemplifies a lack of legitimate medical purpose in both an objective and subjective fashion. By acknowledging his intent to have the individual fill the prescription and bring him the drugs, the defendant acknowledged his intent to issue that prescription for his own benefit rather than for any legitimate medical purpose. The defendant therefore admitted outright that he intended to issue that prescription outside the usual course of professional practice and without a legitimate medical purpose, and his admission in both the plea agreement and on the record meet the requirements of *Ruan*.

The defendant's Motion to Withdraw his Guilty Plea as to Count Six has no basis in law or fact and should be denied. Even under the most the most expansive reading of the defendant's plea agreement and his statements during the plea colloquy, one cannot confuse the defendant's

---

[3] The United States does not concede that a subsequent change of law constitutes a fair and just reason to withdraw a guilty plea under all circumstances. The United States further refuses to concede that the *Ruan* opinion constitutes a sufficiently material change to justify defendants withdrawing guilty pleas under all circumstances. The positions in this Response are limited to the legal and factual scenario posed in this specific case.

desire to use a prescription medication himself with his stated desire to prescribe medication for the necessity of his patients. When asked by the Court if the defendant was guilty of Count Six, the defendant responded that he was without any qualifications or explanations. The defendant was under oath, with experienced and competent counsel, and he admitted that he was guilty of knowingly distributing a controlled substance not in the usual course of professional medical practice and beyond the bounds of medical practice. While the defendant argues that his comments during the plea colloquy casts doubt upon whether he knew the prescriptions he issued were outside the course of professional conduct, his comments do not affect his admission as it relates to Count Six.

Accordingly, the United States requests that the Court grants the defendant's Motion to Withdraw his Guilty Plea as to Counts One through Five but deny the defendant's Motion as to Count Six.

>Respectfully Submitted,
>
>CHRISTOPHER J. WILSON
>UNITED STATES ATTORNEY
>
>LORINDA I. LARYEA
>ACTING CHIEF, FRAUD SECTION
>
>By: *s/Christopher M. Jason*
>Christopher M. Jason
>Maryam L. Adeyola
>United States Department of Justice
>Criminal Division
>Fraud Section
>1400 New York Ave., NW
>Washington, D.C. 20005
>Christopher.Jason@usdoj.gov
>202-262-6438

**CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2022, a true and correct copy of the foregoing document was served on defense counsel of record via CM/ECF.

*s/Christopher M. Jason*
Christopher M. Jason
