

FILED
FEB - 7 2023
BONNIE HACKLER
Clerk, U.S. District Court
By_____
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.

Nelson Onaro

    *Defendant*.

Case No. 20-cr-089-RAW

## PLEA AGREEMENT

### PARTIES

This plea agreement is entered into by and between the United States, by and through the United States Attorney for the Eastern District of Oklahoma and the above-captioned defendant.

### I. THE PLEA

#### DEFENDANT PLEA

The defendant agrees to voluntarily plead guilty to and admits to being guilty of the following charge in the Eastern District of Oklahoma:

| Count | Offense | Statute |
|---|---|---|
| 6 | Unlawful Distribution of a Controlled Substance | 21 U.S.C. § 841(a)(1) & 841(b)(1)(c) |

as set forth in the Superseding Information *filed by the United States and for which the defendant waived indictment by a Grand Jury*. At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is, in fact, guilty of the offense charged as Count 6 in the Superseding Information. The United States would at that time move to withdraw Counts 1 through 5 in the Superseding Information.

Defendant Initials NO    Page 1 of 14

## MAXIMUM POSSIBLE IMPRISONMENT AND/OR FINE

The defendant understands that the *maximum* possible penalty for Unlawful Distribution of a Controlled Substance is imprisonment for a period of 20 years and/or a fine of $1,000,000.00, a term of supervised release to be determined by the Court, and a special assessment in the amount of $100.00. The defendant understands that the Court may impose a fine pursuant to the Sentencing Reform Act of 1984. The willful failure to pay any fine imposed by the Court, in full, may be considered a breach of this plea agreement. Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, Section 3611, et seq.

## DISMISSAL

At the time of sentencing on the count(s) set forth above, the United States agrees to move for dismissal of any remaining counts pending against the defendant and to move for dismissal of the Superseding Information if the defendant is entering a plea to the Superseding Information herein.

## FACTUAL BASIS FOR PLEA

The defendant agrees that if this matter were to proceed to trial, the United States could prove the following facts beyond a reasonable doubt, and that these facts accurately represent the defendant's provable offense conduct and specific offense characteristics:

Nelson Onaro, M.D., "defendant" was licensed by the State of Oklahoma to practice medicine. He maintained a Controlled Substance Registration number and a DEA Registration number. The defendant's practice was located at 320 E. Delaware in McAlester, Oklahoma. As a licensed physician, the defendant prescribed controlled substances to patients in amounts and for a length of time that were outside the scope of legitimate medical practice. He routinely prescribed controlled substances to patients even though various "red flags" that suggested that he should stop

Defendant Initials _NO_        Page 2 of 14

writing those prescriptions, change the prescriptions, and/or counsel patients accordingly. Further, the defendant prescribed dangerous combinations of drugs known to heighten the risk of overdose and death. Specifically, as to Count 6 of the Superseding Information, the defendant did knowingly, intentionally, and unlawfully cause to be distributed and dispensed, outside the usual course of professional practice and not for a legitimate medical purpose, 60 20 mg Adderall (amphetamine) pills to C.L., a staff member of his office on November 26, 2019. The defendant issued this Adderall prescription to C.L. with the understanding that C.L. would fill the prescription and bring the prescribed pills back to him for his personal use. This prescription was thereby issued in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(C) and Title 18, United States Code, Section 2. All of the foregoing occurred in the Eastern District of Oklahoma.

The defendant understands that defendant will have to swear under oath to the accuracy of this statement, and if defendant should be called upon to testify about this matter in the future, any inconsistencies in such testimony may subject defendant to additional penalties of perjury which may be enforced by the United States under this agreement.

## II. LIMITATIONS OF THE AGREEMENT

### NO OTHER CHARGES (TAX CHARGES EXCLUDED)

The United States Attorney's Office for the Eastern District of Oklahoma agrees that it will not bring any other criminal charges against the defendant which are known to the United States Attorneys Office for the Eastern District of Oklahoma as of the date of this agreement. However, nothing in this agreement will limit prosecution for criminal tax charges, if any, arising out of such offenses.

Defendant Initials _N.O._    Page 3 of 14

### COURT, IRS & OTHERS NOT BOUND

The defendant understands that the Court is not a party to and is not bound by this agreement nor any recommendations made by the parties. Nothing in this agreement shall limit the Internal Revenue Service in its collection of any taxes, interest or penalties due from the defendant arising out of or related in any way to the offenses identified in this agreement. Nothing in this agreement shall bind any other federal, state or local district, jurisdiction or law enforcement agency.

## III. WAIVERS

### SPEEDY TRIAL ACT WAIVER

The defendant waives and agrees to waive any rights under the Speedy Trial Act.

### WAIVER OF CIVIL CLAIMS AND HYDE ACT CLAIMS

The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendant.

### FREEDOM OF INFORMATION ACT (FOIA) WAIVER

The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, but not limited to, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

### WAIVER OF APPELLATE AND POST-CONVICTION RIGHTS

In consideration of the promises and concessions made by the United States in this Plea Agreement, the defendant knowingly and voluntarily agrees and understands the following appellate and post-conviction terms of this agreement:

Defendant Initials _N.O._          Page 4 of 14

      a.    the defendant waives the right to directly appeal the conviction and sentence pursuant to 28 U.S.C. § 1291 and/or 18 U.S.C. § 3742(a);

      b.    the defendant reserves the right to appeal from a sentence which exceeds the statutory maximum;

      c.    the defendant expressly acknowledges and agrees that the United States reserves all rights to appeal the defendant's sentence as set forth in 18 U.S.C. § 3742(b), and *U.S. v. Booker*, 125 S.Ct. 738 (2005);

      d.    the defendant waives the right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims based on ineffective assistance of counsel;

      e.    the defendant waives the right to have the sentence modified pursuant to 18 U.S.C. § 3582(c), except for a rule 35(b) motion filed by the government;

      f.    the defendant waives the right to appeal the District Courts determination of the amount of restitution and the Courts subsequent restitution order, if any; and

      g.    the defendant waives the right to appeal the District Court's determination of any forfeiture issues and the Court's subsequent forfeiture order, if any.

The defendant has been represented by counsel, and is fully satisfied with the services rendered by the defense attorney(s) and agrees that such representation has been competent legal representation and has provided the best result for the defendant possible under the circumstances of this case. The defendant expressly acknowledges that counsel has explained defendant's trial, sentencing, appellate and post-conviction rights; that defendant understands these rights; and that defendant knowingly and voluntarily waives and relinquishes those rights as set forth above.

_____
Nelson Onaro

1/12/23
_____
Date Signed

Defendant Initials _NO_        Page 5 of 14

## IV. WITHDRAWAL OF PLEA OR BREACH OF AGREEMENT

### WITHDRAWAL OF PLEA

If the Court imposes a sentence with which the defendant is dissatisfied, the defendant will not be permitted to withdraw any guilty plea for that reason alone, nor will the defendant be permitted to withdraw any plea should the Court decline to follow any recommendations by any of the parties to this agreement.

### BREACH OF AGREEMENT

In the event the United States believes the defendant has failed to fulfill any obligations under this agreement, committed any local, state, tribal or federal offense after execution of this agreement or has falsely implicated an innocent person in the commission of a crime, the United States shall, in its discretion, have the options of declaring any provision of this agreement null and void. The defendant and the United States agree that in the event the Court concludes that the defendant has breached this agreement:

    a.    the defendant will not be permitted to withdraw any guilty plea(s) tendered under this agreement and agrees not to petition for withdrawal of any guilty plea(s);

    b.    the United States will be free to make any recommendations to the Court regarding sentencing in this case;

    c.    any evidence or statements made by the defendant during any cooperation phase will be admissible at any trials or sentencings; and

    d.    the United States will be free to bring any other charges it has against the defendant.

### RE-INSTITUTION OF PROSECUTION

If defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it then has knowledge, and any charges that have been dismissed will be automatically reinstated or may be represented to a grand jury with jurisdiction over the matter. In such event, defendant waives any objections,

Defendant Initials _N/P_        Page 6 of 14

motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or any constitutional restrictions as to the time of bringing such charges.

## V. CRIME VICTIMS RIGHTS ACT PROVISIONS

### CRIME VICTIMS RIGHTS ACT (18 U.S.C. § 3771)

Pursuant to the Crime Victims' Rights Act (18 U.S.C. § 3771) and the regulations promulgated under the Act by the Attorney General of the United States, the defendant understands that a crime victim has the following rights:

a. The right to be reasonably protected from the accused.
b. The right to reasonable, accurate, and timely notice of any public court proceeding, involving the crime or of any release or escape of the accused.
c. The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at the proceeding.
d. The right to be reasonably heard at any public proceeding in the district court involving release, plea or sentencing. The defendant understands that the victim's comments and recommendations may be different from those of the parties to this agreement.
e. The reasonable right to confer with the attorney for the Government in the case. The defendant understands that the victim=s opinions and recommendations may be different from those presented by the United States.
f. The right to full and timely restitution as provided by law, including, but not limited to, restitution for property loss, personal injury or death.
g. The right to proceedings free from unreasonable delay.
h. The right to be treated with fairness and with respect for the victim's dignity and privacy.

The definition of a crime under the Crime Victims' Rights is a person directly and proximately harmed as a result of the commission of a Federal offense. In the case of a crime victim who is under 18 years of age, incompetent, incapacitated, or deceased, the legal guardians of the crime victim or the representatives of the crime victim's estate, family members, or any other persons appointed as suitable by the court, may assume the crime victim's rights. In no event, shall the defendant be named as such guardian or representative.

Defendant Initials _____    Page 7 of 14

## VI. PRE-SENTENCE REPORT AND SENTENCING PROVISIONS

### INFORMATION TO BE CONSIDERED AT SENTENCING

The defendant understands that the United States may bring to the Court's attention, and the Court may consider, all relevant information with respect to the defendant's background, character and conduct, including the conduct that is the subject of the charges which the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any. The United States may bring to the Court's attention and the Court may consider any failure by the defendant to fulfill any obligation under this agreement.

### SENTENCING RECOMMENDATIONS

Defendant understands that in determining a sentence, the Court is obligated to calculate the applicable Sentencing Guidelines range, and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), which include: (i) the nature and circumstances of the offense and the history and characteristics of the defendant; (ii) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) the kinds of sentences available; (iv) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (v) the need to provide restitution to any victim of the offense.

For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

    a.    Applicable Guidelines. The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the

Defendant Initials _NO_.     Page 8 of 14

calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2018 Guidelines Manual.

    b.    Offense Level Calculations.

        i.    The combined converted drug weight for which defendant is accountable is 2.4 kilograms. Therefore, pursuant to Guideline § 2D.1.1(c)(10), the base offense level is 8 because the offenses involved the equivalent of between 1 and 2.5 kilograms of converted drug weight.

        ii.    The offense level is increased by two levels because defendant abused a position of trust in a manner that significant facilitated the commission of the offense, pursuant to Guideline § 3B1.3.

        iii.    Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline § 3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine that may be imposed in this case, a two-level reduction in the offense level is appropriate.

        iv.    In accord with Guideline § 3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline § 3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

Defendant Initials _N.B._        Page 9 of 14

c. Criminal History Category. With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government, defendant's criminal history points equal zero and defendant's criminal history category is I.

d. Anticipated Advisory Sentencing Guidelines Range. Therefore, based on the facts now known to the government, the anticipated offense level is 8, which, when combined with the anticipated criminal history category of I, results in an anticipated advisory sentencing guidelines range of 0 to 6 months' imprisonment, in addition to any supervised release and fine the Court may impose.

e. Defendant and his attorney and the government acknowledge that the above guidelines calculations are preliminary in nature and based on facts known to the parties as of the time of this Agreement. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final guidelines calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of the Court's rejection of these calculations.

f. Both parties expressly acknowledge that this Agreement is not governed by Fed. R. Crim. P. 11(c)(1)(B), and any errors in applying or interpreting any of the sentencing guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the guidelines. The validity of this Agreement

will not be affected by such corrections, and defendant shall not have a right to withdraw his plea, nor the government the right to vacate this Agreement, on the basis of such corrections.

### AGREEMENTS RELATING TO SENTENCING

The Government agrees to recommend a sentence within the properly calculated guideline range and the defense is free to request any sentence from the Court.

It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

## VIII. OTHER TERMS

### PROFESSIONAL LICENSE

Surrender of DEA Registration:

The Defendant agrees:

- a) To surrender his Drug Enforcement Administration Certificate of Registration (DEA Form 223);

- b) To execute a DEA Form 104; and

- c) Not to oppose revocation of his registration to dispense controlled substances pursuant to 21 U.S.C. § 824(a) and 21 C.F.R. § 1301.45 on any ground, including on the ground that he has:

    i. Been convicted of a felony relating to a controlled substances; and

    ii. Committed such acts as would render his registration under 21 U.S.C. § 823 inconsistent with the public interest as determined under that section.

Surrender of Medical License:

The Defendant agrees:

- a) To surrender and abandon to the United States his license to practice as a medical doctor, Oklahoma license number 3437, and any and all other active medical licenses he holds in Oklahoma and any other states;

Defendant Initials _NO_    Page 11 of 14

b)     To permanently surrender the license and never seek reinstatement of said license(s) and to voluntarily enter into a consent order with the State Medical Board of Oklahoma which permanently revokes his license to practice as a medical doctor; and

c)     To refrain from both 1) applying for new licenses to practice as a medical doctor in the United States and 2) seeking reinstatement of any previously-issued licenses to practice as a medical doctor in the United States.

## IX. CONTRACTUAL SPECIFICATIONS

### REASONS FOR AGREEMENT

The United States enters into this plea agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses; takes into account the public interest in a prompt and certain disposition of the case; adequately protects the public; and promotes respect for the law, thereby serving the ends of justice.

### COMPLETE AGREEMENT/TERMS NOT SEVERABLE/CONSTRUCTION

The parties agree that this plea agreement was negotiated between competent legal counsel and shall not be construed against either the United States or the defendant because both parties acknowledge responsibility for the plea agreement reached as a result of negotiation with respect hereto and the expressed herein. The subject headings herein are for convenience only and are not part of this plea agreement. This document sets forth the complete and only terms of the plea agreement between the United States Attorney for the Eastern District of Oklahoma and the defendant in this case, and is binding only on the United States Attorney's Office for the Eastern District of Oklahoma and the defendant. This written agreements supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than by a writing that is signed by all parties or on the record in Court. No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been

Defendant Initials _NO_        Page 12 of 14

made in connection with this plea. This agreement is not contingent in any way upon the outcome of any investigation, proceeding or subsequent trial.

### SIGNATURE REQUIREMENTS

None of the terms of this agreement shall be binding on the Office of the United States Attorney for the Eastern District of Oklahoma until this agreement is signed by the defendant, defense counsel and the United States Attorney, or his authorized representative.

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it without reservation. No promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement and plea supplement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it. I do this of my own free will. No threats have been made to me, nor am I under the influence of anything that could impede my ability to fully understand this plea agreement.

1/12/23
Date

Nelson Onaro
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. The defendant's decision to enter into this agreement is an informed and voluntary one.

1/12/23
Date

Zachary Enlow, OBA # OBA#.
Address.
Telephone.
Counsel for Defendant

On behalf of the Office of the United States Attorney for the Eastern District of Oklahoma, I accept this agreement of the defendant to plead guilty under the terms and conditions set forth herein.

February 6, 2023
Date

CHRISTOPHER J. WILSON
Acting United States Attorney

_____ for
Daniel J. Griffin
Trial Attorney
520 Denison Avenue

Defendant Initials NC        Page 13 of 14

Muskogee, OK 74401
(918) 684-5100
(918) 684-5101 (fax)
daniel.j.griffin3@usdoj.gov